UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY PERDUE,

*Plaintiff*,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

*Defendant*.

Case Number:

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Gary Perdue** ("**Mr. Perdue**" or "**Plaintiff**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Experian Information Solutions, Inc.** ("**Experian**" or "**Defendant**"), stating as following:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by Mr. Perdue against the Defendant for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et. seq.* ("**FCRA**").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3. Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and § 48.193, Fla. Stat.

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because the acts complained of were committed and / or caused by the Defendant within Polk County, Florida, which is in the Middle District of Florida.

## PARTIES

5. Mr. Perdue is a natural person who at all times relevant was residing in the City of Lakeland, Polk County, Florida.

6. Mr. Perdue is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

7. Experian is an Ohio corporation, with a primary business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Experian is registered to conduct business as a foreign corporation in the State of Florida, and whose Registered Agent is **CT Corporation System, 1200 South Pine Island Road, Plantation, FL 32301**.

9. Experian is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Plaintiff's Consumer Disclosure was Neither Clear nor Accurate

10. On or about March 28, 2023, Mr. Perdue requested and obtained his consumer disclosure from Experian ("**Experian's Disclosure**").

11. Upon receipt of Mr. Perdue's request for his consumer disclosure, Experian was required to "clearly and accurately" disclose *all* information in Mr. Perdue's file at the time of his request, as well as the *sources of information relied upon*, pursuant to 15 U.S.C. § 1681g(a).

### Plaintiff's Consumer Disclosure Contained Alternate Social Security Numbers

12. Mr. Perdue's actual Social Security number ("**SSN**") is XXX-XX-2503 (redacted).

13. Mr. Perdue has had the same SSN his entire life and has not obtained, nor ever used, any alternate SSN.

14. Despite this, Experian's Disclosure to Mr. Perdue revealed the credit file Experian maintained concerning him included two "alternate" SSNs which, purportedly, had been used by Mr. Perdue in connection with credit accounts or credit applications. *See* **PLAINTIFF'S EXHIBIT A.**

15. The presence of false or alternate SSNs suggests to anyone viewing Mr. Perdue's credit report that he previously applied for credit using multiple SSNs, and it is foreseeable that a viewer of the credit file would think he engaged in fraudulent conduct.

16. Experian did not disclose the source(s) of information on which it relied to determine that Mr. Perdue had used SSNs other than his own.

17. Experian redacted the first five digits of both "alternate" SSNs, and left only the last four digits unredacted. *See* **PLAINTIFF'S EXHIBIT A.**

18. The unredacted portions of the two alternate SSNs in Mr. Perdue's credit file are identical; thus, without the first five digits to disambiguate the "alternate" SSNs, Experian's Disclosure was neither complete, accurate, nor clear. *Id*.

19. Disclosing to a consumer that he has "alternate" SSNs, while redacting all digits except for the last four, makes it virtually impossible for a consumer to investigate how, or why, these "alternate" SSNs are contained in his credit file.

20. While Experian included (and continues to include) the full 9-digit alternate SSNs to lenders who requested Mr. Perdue's credit report, Experian only provided truncated versions to Mr. Perdue on his consumer disclosure.

21. Experian's redaction of the alternate SSNs on the disclosure it provided to Mr. Perdue indicates Experian believed the alternate SSNs did not belong to Mr. Perdue.

22. Despite its apparent belief the alternate SSNs were not Mr. Perdue's, Experian incorporated the SSNs into reports it sold to third parties.

### Experian's Knowledge of Systemic Issues

23. Experian has been sued a multitude of times by consumers for this same issue, prior to the generation of Mr. Perdue's errant consumer disclosure.

24. Despite its knowledge of inherent errors in its processes, Experian continues to generate and sell consumer reports to third-parties claiming consumers have used multiple SSNs when they have not.

25. Simple technological adjustments would prevent such mismatches; nonetheless, Experian continues to erroneously place information regarding one consumer, onto a credit file belonging to another consumer.

26. Experian's current policies do not reasonably ensure the "maximum possible accuracy" of credit reports produced, despite being required to do so under the FCRA, 15 U.S.C. § 1681e(b).

27. Experian knows that the FCRA requires it to disclose the sources of information relied upon in compiling the consumer's credit report when providing a consumer disclosure.

28. Experian also knows that its disclosures do not inform the consumer as to the sources of data on which it relies to determine that a consumer has multiple SSNs.

29. Records from Experian indicate that it has sold at least ninety-one (91) consumer reports regarding Mr. Perdue in the last twenty-four (24) months. *See* **PLAINTIFF'S EXHIBIT B.**

30. On information and belief, Experian falsely stated Mr. Perdue utilized two "additional alternate" SSNs in each of these ninety-one (91) consumers reports it sold concerning him.

**Experian's Duty to Prepare Reports with Maximum Possible Accuracy**

31. The FCRA is clear in its requirement that Experian, as a CRA, is required to prepare accurate reports:

> Accuracy of Report. Whenever a consumer reporting agency prepares a consumer report it *shall* follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *15 U.S.C. §1681e(b).*

32. Experian was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Perdue.

33. Including SSNs which do not belong to Mr. Perdue and were not utilized by Mr. Perdue is an inherently unreasonable procedure for ensuring maximum possible accuracy.

34. Thus, Experian failed to use reasonable procedures when preparing the credit reports sold to each creditor, or potential creditor.

35. As a result of Experian's failure to prepare reports utilizing procedures to ensure maximum possible accuracy, Mr. Perdue has suffered an impaired ability to obtain credit and services, as well as, economic losses and emotional distress from attempting to fix Experian's errors.

36. Mr. Perdue has hired the aforementioned law firm to represent his in this matter and has assigned the firm his right to fees and costs.

## COUNT I
## EXPERIAN'S VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681e(b)

37. Mr. Perdue adopts and incorporates paragraphs 1 - 36 as if fully stated herein.

38. Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Mr. Perdue when Experian sold at least ninety-one (91) reports stating Mr. Perdue utilized one or more alternate SSNs, even though these alternate SSNs did not belong to Mr. Perdue and at no point did he ever claim to any creditor, or potential creditor, to have any SSN other than his own.

39. Experian has been placed on notice through prior litigation that its current standard operating procedures often result in the inclusion of false information on the credit files of consumers

40. Experian's conduct was willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy, and its policies could reasonably be foreseen to cause harm to Mr. Perdue.

41. As a result of its conduct, Experian is liable to Mr. Perdue pursuant to the FCRA for the greater of Mr. Perdue's actual damages or statutory damages of up to $1,000 for *each occurrence*, per 15 U.S.C. § 1681n.

42. Alternatively, Experian acted negligently and is thus liable to Mr. Perdue, pursuant to 15 U.S.C. § 1681o, for his actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Perdue respectfully requests this Honorable Court enter judgment against Experian for:

a. The greater of Mr. Perdue's actual damages or statutory damages of **$1,000 per violation (for a total of $91,000, based solely upon information known at the time of filing)**, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Mr. Perdue's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## EXPERIAN'S VIOLATIONS OF THE FCRA -15 U.S.C. § 1681g(a)(1)

43. Mr. Perdue adopts and incorporates paragraphs 1 - 36 as if fully stated herein.

44. Experian violated **15 U.S.C. § 1681g(a)(1),** when responding to Mr. Perdue's request for his consumer disclosure, by failing to clearly and accurately disclose to Mr. Perdue all of the information in his file at the time of the request.

45. Specifically, Experian disclosed two "alternate" SSNs, but failed to disclose the sources of information relied upon to determine he had used multiple SSNs; Experian also failed to disclose the full nine-digit numbers, thereby impeding Mr. Perdue from investigating and rectifying the issue.

46. Experian has been placed on notice through prior litigation that its current standard operating procedures often result in the errant disclosure to consumers.

47. Experian's conduct was willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy, and its policies could reasonably be foreseen to cause harm to Mr. Perdue.

48. As a result of its conduct, Experian is liable to Mr. Perdue pursuant to the FCRA for the greater of Mr. Perdue's actual damages or statutory damages of up to $1,000 for *each occurrence*, per 15 U.S.C. § 1681n.

49. Alternatively, Experian acted negligently and is thus liable to Mr. Perdue, pursuant to 15 U.S.C. § 1681o, for his actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Perdue respectfully requests this Honorable Court enter judgment against Experian for:

a. The greater of Mr. Perdue's actual damages or statutory damages of **$1,000 per violation** pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Mr. Perdue's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d.  Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. Perdue hereby demands a trial by jury on all issues so triable.

Respectfully submitted on May 1, 2023, by:

**SERAPH LEGAL, P. A.**

/s/ Alexander J. Wilde
Alexander J. Wilde
Florida Bar No.: 1035431
AWilde@SeraphLegal.com
1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Lead Attorney for Plaintiff,*
*Gary Perdue*

/s/ Thomas M. Bonan
Thomas M. Bonan
Florida Bar No: 118103
TBonan@SeraphLegal.com
1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Co-Counsel for Plaintiff,*
*Gary Perdue*

**EXHIBIT LIST**

A   Mr. Perdue's Experian Disclosure, March 28, 2023 – Alternate SSN
B   Mr. Perdue's Experian Disclosure, March 28, 2023 – Inquiries

# PLAINTIFF'S EXHIBIT A
## Mr. Perdue's Experian Disclosure, March 28, 2023 – Alternate SSNs

Annual Credit Report - Experian

Prepared For
**GARY PERDUE**

Personal & Confidential

Date Generated
Mar 28, 2023
Report Number
███████

### Social Security Numbers

| | |
|---|---|
| XXX-XX-5614 | XXX-XX-5614 |

**PLAINTIFF'S EXHIBIT B**
**Mr. Perdue's Experian Disclosure, March 28, 2023 – Inquiries**

Annual Credit Report - Experian

Prepared For
**GARY PERDUE**
**Personal & Confidential**

Date Generated
Mar 28, 2023
Report Number
███████████

**PLAINTIFF'S EXHIBIT B**
**Mr. Perdue's Experian Disclosure, March 28, 2023 – Inquiries**

## Hard Inquiries

Hard inquiries are requests for your consumer information based on an action or process initiated by you generally related to a credit or other monetary obligation, such as when you apply for credit, rental property, or utility service, or default on a loan causing it to be sent to a collection agency. Hard inquiries are displayed to companies that receive your consumer report and may stay on your report at least two years.

**PLAINTIFF'S EXHIBIT B**
**Mr. Perdue's Experian Disclosure, March 28, 2023 – Inquiries**

| | | | |
|---|---|---|---|
| **CCR/THE MORTGAGE FIRM IN**<br>Inquired on 03/24/2023<br><br>921 DOUGLAS AVE STE 200 ALTAMONTE SPRINGS FL, 32714<br><br>Real Estate. This inquiry is scheduled to continue on record until Apr 2025. | **CCR/THE MORTGAGE FIRM IN**<br>Inquired on 03/20/2023<br><br>Real Estate. This inquiry is scheduled to continue on record until Apr 2025. | **CCR/THE MORTGAGE FIRM IN**<br>Inquired on 03/14/2023<br><br>Real Estate. This inquiry is scheduled to continue on record until Apr 2025. | **CCR/THE MORTGAGE FIRM IN**<br>Inquired on 03/06/2023<br><br>Real Estate. This inquiry is scheduled to continue on record until Apr 2025. |
| **CCR/THE MORTGAGE FIRM IN**<br>Inquired on 02/15/2023<br><br>Real Estate. This inquiry is scheduled to continue on record until Mar 2025. | **CCR/THE MORTGAGE FIRM IN**<br>Inquired on 12/26/2022<br><br>Real Estate. This inquiry is scheduled to continue on record until Jan 2025. | **CAP ONE NA**<br>Inquired on 10/17/2022<br><br>PO BOX 30281 SALT LAKE CITY UT, 84130<br><br>Unspecified. This inquiry is scheduled to continue on record until Nov 2024. | **THE HOME DEPOT/CITIBANK**<br>Inquired on 09/05/2022<br><br>PO BOX 6497 SIOUX FALLS SD, 57117<br><br>Unspecified. This inquiry is scheduled to continue on record until Oct 2024. |
| **CCR/THE MORTGAGE FIRM IN**<br>Inquired on 08/26/2022<br><br>921 DOUGLAS AVE STE 200 ALTAMONTE SPRINGS FL, 32714 | **SCREENING REPORTS INC**<br>Inquired on 07/15/2022<br><br>729 N ROUTE 83 STE 321 BENSENVILLE IL, 60106<br><br>Rental on behalf of CENTURY AVENUES. This inquiry is | **EMS/VETERANS UNITED HOME**<br>Inquired on 07/05/2022<br><br>2101 CHAPEL PLAZA CT STE 107 COLUMBIA MO, 65203<br><br>Mortgage. This inquiry is scheduled to | **CCR/THE MORTGAGE FIRM IN**<br>Inquired on 06/01/2022<br><br>921 DOUGLAS AVE STE 200 ALTAMONTE SPRINGS FL, 32714 |

## PLAINTIFF'S EXHIBIT B
## Mr. Perdue's Experian Disclosure, March 28, 2023 – Inquiries

| | | | |
|---|---|---|---|
| Real Estate. This inquiry is scheduled to continue on record until Sep 2024. | scheduled to continue on record until Aug 2024. | continue on record until Aug 2024. | Real Estate. This inquiry is scheduled to continue on record until Jul 2024. |
| **CCR/THE MORTGAGE FIRM IN**<br>Inquired on 02/23/2022<br><br>Real Estate. This inquiry is scheduled to continue on record until Mar 2024. | **CCR/THE MORTGAGE FIRM IN**<br>Inquired on 01/05/2022<br><br>Real Estate. This inquiry is scheduled to continue on record until Feb 2024. | **AMERICAN CREDIT ACCEPTAN**<br>Inquired on 08/23/2021<br><br>961 E MAIN ST SPARTANBURG SC, 29302<br><br>Unspecified. This inquiry is scheduled to continue on record until Sep 2023. | **ESB/HARLEY DAVIDSON CRED**<br>Inquired on 08/19/2021<br><br>3850 ARROWHEAD DR CARSON CITY NV, 89706<br><br>Unspecified. This inquiry is scheduled to continue on record until Sep 2023. |
| **OCTANE LENDING**<br>Inquired on 08/19/2021<br><br>116 W 32ND ST FL 9 NEW YORK NY, 10001<br><br>Sales Contract on behalf of ROADRUNNER FINANCIAL. This inquiry is scheduled to continue on record until Sep 2023. | **EMS/VETERANS UNITED HOME**<br>Inquired on 08/07/2021<br><br>2101 CHAPEL PLAZA CT STE 107 COLUMBIA MO, 65203<br><br>Mortgage. This inquiry is scheduled to continue on record until Sep 2023. | **CERTIFIED CREDIT REPORTI**<br>Inquired on 07/11/2021<br><br>1212 11TH ST SAINT CLOUD FL, 34769<br><br>Real Estate on behalf of THE MORTGAGE FIRM INC -. This inquiry is scheduled to continue on record until Aug 2023. | **CAP ONE NA**<br>Inquired on 05/13/2021<br><br>PO BOX 30281 SALT LAKE CITY UT, 84130<br><br>Unspecified. This inquiry is scheduled to continue on record until Jun 2023. |